**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Lazaro Facundo RODRIGUEZ,
Defendant,**

**Cotton Belt Insurance Company,
Surety-Appellant.**

**No. 81–6137
Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

May 26, 1983.

James K. Pedley, Fort Lauderdale, Fla., for surety-appellant.

Stanley Marcus, U.S. Atty., B.B. Allen, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.

Before GODBOLD, Chief Judge, FAY and CLARK, Circuit Judges.

PER CURIAM:

The only issue is whether the district court abused its discretion in refusing to set aside the forfeiture of two bail bonds.

Appellant Cotton Belt authorized Houk to act as its agent in writing bail bonds. Under the terms of a general power of attorney on file with the district court, Cotton Belt authorized Houk to write bail bonds up to $105,000 per risk. The general power of attorney required that each bondsman acting for Cotton Belt file an individual power of attorney for each bond.

Two of Houk's employees, acting on behalf of Cotton Belt, wrote separate $50,000 bonds for Carlos and Jorge Amador, who had been indicted for alleged involvement in a cocaine conspiracy. Because the individual powers of attorney on which Houk's employees relied contained a $25,000 limit, the employees wrote the separate $50,000 bonds by "stacking" their powers of attorney, that is, each wrote a $25,000 bond for each defendant.

When the Amadors failed to appear for sentencing, the court ordered both $50,000 bonds forfeited. After granting numerous extensions to give Cotton Belt a better opportunity to locate the Amadors, the district court denied Cotton Belt's motion to set aside the forfeiture under Fed.R. Crim.P. 46(e)(2).[1] We affirm.

Cotton Belt argues that the forfeiture must be set aside because Houk's employees had no authority to stack their individual powers of attorney. As Cotton Belt recognizes, the district court must be upheld if the magistrate who accepted the bonds reasonably relied on the apparent authority of Houk's employees to act on Cotton Belt's behalf. *See U.S. v. Gil,* 657 F.2d 712, 715 (5th Cir.1981) (Unit B). Cotton Belt at no time communicated to the district court or the magistrate its in-house policy against stacking, and the two bonds did not exceed the $105,000 limit contained in the general power of attorney. Yet Cotton Belt argues that stacking is so irregular on its face that the magistrate could not reasonably have believed that it authorized the practice.

This argument was laid to rest in *U.S. v. Gil, supra,* another forfeiture case in which Cotton Belt was involved. There two bondsmen, purporting to act on behalf of Cotton Belt, stacked two individual powers of attorney. The former Fifth Circuit rejected Cotton Belt's argument that the magistrate could not reasonably have believed that Cotton Belt had authorized stacking:

> Without notifying the government of its policy against stacking, appellant cannot require that the government be bound by that policy.

657 F.2d at 716.

The district court did not abuse its discretion in refusing to set aside the forfeiture.

AFFIRMED.

---

1. The court may direct that a forfeiture be set aside, upon such conditions as the court may impose, if it appears that justice does not require the enforcement of the forfeiture.